# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THE HOUSING AUTHORITY OF THE COUNTY OF KING, d/b/a THE NEWPORTER APARTMENTS,<br><br>Respondent,<br><br>v.<br><br>TROY ARNETTE,<br><br>Appellant. | No. 88368-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — Troy Arnette appeals a writ of restitution for unlawful detainer. Because the Newporter Apartments concedes the trial court's basis for entering the writ is unsupported, and because the Newporter does not suggest a supportable alternative basis to affirm the writ, we reverse and remand for dismissal.

Arnette entered into a one year residential lease contract, beginning on November 1, 2022, with the Newporter for an apartment in Bellevue, Washington. The lease provided that on October 31, 2023, unless the parties acted otherwise, the lease would automatically revert to successive month-to-month terms. On October 31, 2024, Arnette and the Newporter signed a "mutual agreement to terminate lease." (Formatting omitted.) The agreement stated, "[Arnette] is interested in terminating the Lease, and [the Newporter] has agreed to accept the

request to terminate the Lease." The parties agreed that Arnette would restore possession of his apartment to the Newporter by November 30, 2024.

On March 7, 2025, the Newporter filed a complaint seeking, among other relief, a writ of restitution and judgment for unlawful detainer against Arnette. The Newporter claimed Arnette had failed to vacate his apartment by November 30, 2024, as agreed in the termination agreement. Arnette had paid his rent with a Section 8 housing voucher, and between December 2024 and May 2025, the Newporter had accepted his housing voucher payment each month. The trial court held a show cause hearing on May 27, 2025. The trial court ruled that Arnette was in default of his lease agreement because he failed to vacate his apartment by November 30, 2024, the Newporter was entitled to immediate possession, and Arnette was guilty of unlawful detainer. The court ordered a writ of restitution. Arnette timely appealed.

We review conclusions of law de novo. Garrand v. Cornett, 31 Wn. App. 2d 428, 439, 550 P.3d 64 (2024). We accept unchallenged findings of fact as true. In re Est. of Barnes, 185 Wn.2d 1, 9, 367 P.3d 580 (2016). We may affirm a trial court's order on any basis supported by the record. Truck Ins. Exch. v. Vanport Homes, Inc., 147 Wn.2d 751, 766, 58 P.3d 276 (2002). We review questions of statutory interpretation de novo. Associated Press v. Wash. State Legislature, 194 Wn.2d 915, 920, 454 P.3d 93 (2019). If the "statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent." Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002). "Plain meaning is discerned from the ordinary meaning of the language

2

at issue, the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole." Christensen v. Ellsworth, 162 Wn.2d 365, 373, 173 P.3d 228 (2007).

In 2021, the legislature made significant changes to chapter 59.18 RCW, the Residential-Landlord Tenant Act of 1973 (RLTA). LAWS OF 2021, ch. 212, § 2-3. One change is that landlords may terminate a periodic tenancy only for cause. Compare RCW 59.18.650(1)(a), with former RCW 59.18.200(1)(a) (2019) (A periodic tenancy "shall be terminated by written notice of twenty days or more, preceding the end of any of the months or periods of tenancy, given by either party to the other."). The RLTA enumerates 16 causes for which a landlord may "evict, refuse to continue a tenancy, or end a periodic tenancy." RCW 59.18.650(1)(a), (2)(a)-(p). In contrast, a tenant may terminate their periodic tenancy by providing 20 days' written notice. RCW 59.18.200(1). To recover possession of their property, landlords must follow the procedures set forth for unlawful detainer actions in chapter 59.12 RCW. Under the 2021 amendments, the cause requirements of RCW 59.18.650 expressly limit when a tenant may be found liable for unlawful detainer. RCW 59.12.030. "Chapters 59.12 and 59.18 RCW are statutes in derogation of the common law and thus are strictly construed in favor of the tenant." Randy Reynolds & Assocs., Inc. v. Harmon, 193 Wn.2d 143, 156, 437 P.3d 677 (2019).

The trial court granted the writ of restitution under RCW 59.18.650(1)(f). Under this statute, a tenant may end a "tenancy for a specified time" by giving notice. RCW 59.18.650(1)(f). However, at the time of the termination agreement,

3

Arnette's tenancy was not a tenancy for a specified time but a periodic tenancy. At oral argument, the Newporter conceded that RCW 59.18.650(1)(f) does not apply and is not a supportable basis for us to affirm. Wash. Ct. of Appeals oral arg., Hous. Auth. of King County v. Arnette, No. 88368-2-I (May 29, 2026), at 13 min., 0 sec., to 13 min., 34 sec., audio recording by TVW, Washington State's Public Affairs Network, https://tvw.org/video/division-1-court-of-appeals-2026051156/?eventID=2026051156.

As an alternative basis, the Newporter suggests that RCW 59.18.650 does not apply to holdover tenants and that we may affirm the writ because the Newporter complied with the requirements of RCW 59.12.030. Wash. Ct. of Appeals oral arg., supra, at 10 min., 28 sec., to 11 min., 23 sec. We disagree.

As noted, RCW 59.18.650 expressly limits resort to unlawful detainer. RCW 59.12.030. RCW 59.18.650(1)(a) restricts when a landlord may evict a tenant, stating, "A landlord *may not evict a tenant*, refuse to continue a tenancy, or end a periodic tenancy *except for the causes enumerated in subsection (2)* of this section and as otherwise provided in this subsection." (Emphasis added.) At least several causes enumerated in subsection (2) apply to tenants who holdover after events validly terminating a tenancy. Some of these include subsection (2)(d), which applies when a tenant continues in possession after the landlord validly seeks to occupy the unit as that person's principal residence; subsection (2)(e), which applies when a tenant continues in possession after the landlord validly elects to sell; and subsection (2)(i), which applies when a tenant continues in possession after an owner or lessor with whom the tenant shares the dwelling unit validly gives

4

notice to vacate. RCW 59.18.650(2)(d), (e), (i). We do not attempt to list all the circumstances described in subsection (2) that could apply to holdover tenants, but list these only to observe that the Newporter's argument that RCW 59.18.650 does not apply to holdover tenants does not appear consonant with its language. Thus, the landlord does not show an alternate basis on which to affirm.

Because RCW 59.18.650(1)(f) does not support the writ of restitution, and because the landlord does not show an alternative basis on which to affirm, we reverse the writ of restitution.

Arnette requests attorney fees and costs on appeal. RCW 59.18.290(2) authorizes recovery of attorney fees to the prevailing party in an eviction action. Because RCW 59.18.290(2) allows it, and because Arnette is the prevailing party, we award him his reasonable attorney fees and costs on appeal. See RAP 18.1(a).

We reverse the writ of restitution and judgment and remand to the trial court with directions to dismiss the action.

_Birk, J._

WE CONCUR:

_Feldman, J._      _Coburn, J._